UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FABIAN DWIGHT RUCKER, #572374,

               Petitioner,              Case No. 18-cv-13892
                                              Hon. Matthew F. Leitman

v.

ERICK BALCARCEL,

               Respondent.

_____/

### ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Fabian Dwight Rucker is a state inmate in the custody of the Michigan Department of Corrections. In 2015, a jury in the Kent County Circuit Court convicted Rucker of first-degree criminal sexual conduct (penetration of a person under 13) in violation of Michigan Compiled Laws Section 750.520b(1)(a). The state trial court then sentenced Rucker as a third habitual offender, *see* Mich. Comp. Laws § 769.11, to 25 to 50 years imprisonment.

On December 14, 2018, Rucker, appearing *pro se*, filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) In the petition, Rucker raises claims concerning the sufficiency of the evidence at trial, the admission of alleged hearsay evidence, the right to confront witnesses, the

1

conduct of the prosecutor, and the effectiveness of his trial counsel. (*See id.*)  The

Court has carefully reviewed Rucker's petition and, for the reasons explained below,

it concludes that he is not entitled to federal habeas relief.  The Court therefore

**DENIES** his petition.   The Court further **DENIES** Rucker a certificate of

appealability.  But it will **GRANT** him leave to proceed *in forma pauperis* on appeal.

## I

Rucker's conviction arises from his digital penetration of his granddaughter

in 2012.  The Michigan Court of Appeals described the relevant facts as follows:

> This case arises out of the sexual assault of the victim, who
> was nine years old at the time of the assault. The victim
> was 12 years old when she reported the assault and
> testified at trial. The prosecution also introduced evidence
> of defendant's other acts of sexual assault against a minor.
> Defendant was previously convicted of second-degree
> CSC involving a former foster child. The foster child also
> testified at trial.

*People v. Rucker*, 2017 WL 727204, at *1 (Mich. Ct. App. Feb. 23, 2017).

Following his conviction and sentencing, Rucker filed an appeal of right with

the Michigan Court of Appeals raising the same claims that he now presents on

habeas review.  The court denied relief on those claims and affirmed his convictions.

*See id.* Rucker then filed an application for leave to appeal with the Michigan

Supreme Court.  That Court denied the application "because [it was] not persuaded

that the questions presented should be reviewed." *People v. Rucker*, 900 N.W.2d 641

(Mem) (Mich. 2017).

2

Rucker thereafter filed his current federal habeas petition in this Court. He raises the following claims:

> I.   He was denied his right to have every element of the charge proven beyond a reasonable doubt, a violation of due process.
>
> II.  Violation of due process rights where the trial court improperly admitted hearsay evidence of a non-testifying witness.
>
> III. His right to confront all witnesses against him was denied in violation of the Sixth Amendment of the United States Constitution.
>
> IV.  The prosecution's misconduct violated multiple constitutional rights in his criminal trial.
>
> V.   He received ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.

(Pet., ECF No. 1.)

Respondent has filed an answer to the petition contending that it should be denied because Rucker's second, third, and fourth claims are procedurally defaulted and because all of the claims lack merit. (*See* Ans., ECF No. 10.)

## II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to uphold state court adjudications on the merits unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

3

United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

### III

Rucker first asserts that he is entitled to habeas relief because the prosecution failed to present sufficient evidence to support his conviction. More specifically, he says that the prosecution failed to prove the element of penetration. The Court declines to grant Rucker federal habeas relief on this claim.

### A

Rucker raised his sufficiency-of-the-evidence claim on direct review, and the Michigan Court of Appeals rejected it:

> First, defendant argues that the prosecution presented insufficient evidence at trial to support his conviction. Specifically, defendant argues that there was not sufficient evidence to establish that he sexually penetrated the victim. We disagree.
>
> "We review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution had proved the crime's elements beyond a reasonable doubt." *People v. Lane*, 308 Mich. App. 38, 57; 862 N.W.2d 446 (2014). The elements of first-degree CSC pursuant to MCL 750.520b(1)(a) are: "(1) the defendant engaged in sexual penetration with another person and (2) the other person was under 13 years

4

of age." *People v. Lockett*, 295 Mich. App. 165, 187; 814 N.W.2d 295 (2012). Sexual penetration is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body ...." MCL 750.520a(r).

In *Lockett*, this Court held that there was sufficient evidence that one of the defendants engaged in sexual penetration with the victim, even though the victim denied that any penetration occurred. *Lockett*, 295 Mich. App. at 188. This Court noted that the victim was not informed of the legal definition of penetration. *Id.* "Penetration" is established by "any intrusion, however slight, into the vagina or the labia majora." *Id*., citing *People v. Whitfield*, 425 Mich. 116, 135 n. 20; 388 N.W.2d 206 (1986). In *Lockett*, the victim "testified that she and [the defendant] were attempting to have sexual intercourse and that [the defendant's] 'private' was touching her 'private.'" *Id.* She also testified that the defendant's "'private' was touching where she would use tissue while wiping after urination, and that she experienced pain going into her 'private parts.'" *Id*. This Court found that "the jury could have reasonably inferred that [the defendant's] penis intruded, however slightly, into [the victim's] vagina or labia majora." *Id.*

Similarly, the victim in this case testified that defendant tried to put his finger inside of her, and that it hurt really badly, as if someone were trying to stab her. Furthermore, the victim testified that she was certain that it was defendant who tried to put his fingers into her vagina. When viewing the victim's testimony in the light most favorable to the prosecution, a reasonable jury could have found that defendant's finger intruded, however slightly, into the victim's vagina or labia majora. As a result, there was sufficient evidence for a rational trier of fact to find that sexual penetration occurred.

*Rucker*, 2017 WL 727204, at *1.

**B**

The clearly established federal law governing Rucker's sufficiency-of-the-evidence claim is found in the line of United States Supreme Court decisions concerning the level of proof necessary to satisfy the Due Process Clause. In *In re Winship*, 397 U.S. 358 (1970), the Supreme Court held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Id.* at 364. And in *Jackson v. Virginia*, 443 U.S. 307 (1979), the Supreme Court determined that sufficient evidence supports a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319 (emphasis in original).

Review of insufficiency-of-the-evidence claims under *Jackson* is especially deferential in the habeas context. As the United States Court of Appeals for the Sixth Circuit recently explained, under AEDPA,

> a federal court's "review of a state-court conviction for sufficiency of the evidence is very limited." *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018). Sufficiency-of-the-evidence claims, in light of both *Jackson* and AEDPA, face a high bar in habeas proceedings because they are subject to two layers of deference:

> First, on direct appeal, it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. And second, on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable.
>
> *Coleman v. Johnson*, 566 U.S. 650, 651, 132 S. Ct. 2060, 182 L.Ed.2d 978 (2012) (per curiam) (citations and internal quotation marks omitted).

*Tackett v. Trierweiler*, 956 F.3d 358, 367 (6th Cir. 2020). *See also Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (explaining that when analyzing a *Jackson* claim on habeas review, a reviewing court "cannot even inquire whether any rational trier of fact would conclude that petitioner [ ] is guilty of the offenses with which he was charged. Instead, [the reviewing court] must determine whether the [state] Court of Appeals itself was unreasonable in its conclusion that a rational trier of fact could find [the petitioner] guilty beyond a reasonable doubt based upon the evidence introduced at trial").

## C

Rucker has failed to show that the Michigan Court of Appeals' decision denying relief on his sufficiently-of-the-evidence claim was contrary to, or

unreasonably applied, the clearly established federal law described immediately above.  As the Sixth Circuit has recognized, "the testimony of a single witness is sufficient to support a conviction." *United States v. Osborne*, 886 F.3d 604, 613 (6th Cir. 2018) (quoting *United States v. Washington*, 702 F.3d 886, 891 (6th Cir. 2012)).  And a reviewing court "does not reweigh the evidence or redetermine the credibility of witnesses . . . ." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).  "It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony."  *Id*.

Here, given the double layer of deference that the Court must apply on habeas review, the Court cannot say that the Michigan Court of Appeals unreasonably determined that "there was sufficient evidence for a rational trier of fact to find that sexual penetration occurred" based on the victim's testimony and the other evidence that was presented at trial. *Rucker*, 2017 WL 727204, at *1.  Indeed, the victim testified that Rucker "tried to put his finger inside of her, and that it hurt really badly, as if someone were trying to stab her." *Id.*  And while Rucker challenges the jury's evaluation of that testimony and evidence, and says that it fell short of establishing the required element of penetration, on habeas review, he has not persuaded the Court that the Michigan Court of Appeals' unreasonably concluded that a rational trier of fact could have found that the penetration element was satisfied.  Rucker is therefore not entitled to federal habeas relief on this claim.

**IV**

The Court next turns to Rucker's second, third, and fourth habeas claims.  In Rucker's second habeas claim, he says that the state trial court admitted hearsay evidence in violation of the Michigan Rules of Evidence when it allowed nurse practitioner Linda Rossman to describe for the jury the victim's statements to a social medical worker.  In Rucker's third habeas claim, he argues that the state trial court violated his rights under the Confrontation Clause when it admitted Rossman's testimony about the victim's out-of-court statements.  And in Rucker's fourth habeas claim, he asserts that the state court prosecutor committed misconduct when the prosecutor elicited certain improper and inadmissible testimony from detective Kelli Braate at trial.  Each of these claims are barred by procedural default, and, in any event, they lack merit.

**A**

Rucker is not entitled to habeas relief on his second, third, and fourth habeas claims because those claims are procedurally defaulted. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991).  The doctrine of procedural default applies when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir.

2006); *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001).

The three requirements for a procedural default are satisfied here.   First, Rucker failed to comply with Michigan's procedural rules by objecting at trial. *See Rucker*, 2017 WL 727204, at ** 2-4.   Second, the Michigan Court of Appeals relied on that procedural rule when it concluded that Rucker had failed to "preserve" his claims for appeal. *Id.*   Finally, a state's "contemporaneous objection rule constitutes an adequate and independent state ground that bars federal habeas review absent a showing of cause and prejudice." *Hinke v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001). Moreover, the Sixth Circuit "view[s] a state appellate court's review for plain error" – as the Michigan Court of Appeals did here – "as the enforcement of a procedural default." *Id.*   Therefore, because the Michigan Court of Appeals reviewed these claims for plain error due to Rucker's failure to object at trial, "under the established law of this circuit," Rucker has "waived [his] right to federal habeas review" unless he can show cause and prejudice. *Id.* (internal punctuation omitted).

## B

Rucker insists that he can show cause and prejudice for his failure to object because his trial counsel was ineffective for failing to raise meritorious objections to

the admission of this testimony at trial.[1]  As the Sixth Circuit recently explained, in the context of determining whether cause exists to excuse a procedural default, a claim of ineffective assistance is reviewed *de novo*:

> "An argument that ineffective assistance of counsel should excuse a procedural default is treated differently than a free-standing claim of ineffective assistance of counsel." *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009). In particular, "[t]he latter must meet the higher AEDPA standard of review, while the former need not." *Id.* at 237; *see also, e.g.*, *Smith v. Warden, Toledo Corr. Inst.*, 780 F. App'x 208, 225 (6th Cir. 2019); *Joseph v. Coyle*, 469 F.3d 441, 459 (6th Cir. 2006). Thus, we review *de novo* the question of whether ineffective assistance of appellate counsel excuses [the petitioner's] procedural default.

*Chase v. MaCauley*, 971 F.3d 582, 591-92 (6th Cir. 2020).

"In order to show ineffective assistance of counsel excusing a procedural default, [courts] generally require a defendant to," among other things, "show that his [] counsel's failure to raise the claim rose to the level of a constitutional violation under *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland* sets forth a two-prong analysis for assessing ineffective-assistance-of-counsel claims: 1) 'the defendant must show that counsel's performance was deficient,' and 2) 'the defendant must show that the deficient performance prejudiced the defense.'

---

[1] Rucker has also raised a free-standing claim of ineffective assistance of counsel for failing to raise these same objections.  The Court discusses that claim separately in Section (V) below.

*Strickland*, 466 U.S. at 687." *Id.* at 592 (internal citations and punctuation omitted). To meet the first *Strickland* prong, a petitioner must establish that his attorney's representation "fell below an objective standard of reasonableness," and must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that ... the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 688-89. The "prejudice" component of a *Strickland* claim "focuses on the question of whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Prejudice under *Strickland* requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Rucker cannot show cause for his procedural default because he has failed to show that his counsel was constitutionally ineffective under *Strickland*. First, Rucker cannot show prejudice under *Strickland* from his counsel's failure to object to the state trial court's alleged admission of hearsay evidence – *i.e.*, Rossman's testimony relating the victim's statements to a social medical worker. As the Michigan Court of Appeals explained, had counsel raised such an objection at trial, the state trial court would have overruled it. *See Rucker*, 2017 WL 727204, at *5

(explaining that any objection to Rossman's testimony relating the victim's statements would have been "futile"). And counsel is not ineffective for failing to make a futile or meritless objection. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000) (rejecting ineffective assistance claim and holding that because "any objection to the introduction of the records of prior felony convictions on the basis that they were obtained in violation of [defendant's] constitutional rights would have failed, [ ] trial counsel's failure to object to them on that basis was not deficient").

Second, Rucker has not shown that his counsel was ineffective under *Strickland* for failing to raise a Confrontation Clause objection to testimony regarding the victim's statements to the medical social worker. As explained more fully below in Section (IV)(C)(2), the admission of those statements did not violate the Confrontation Clause because the victim testified in this case and was subject to full cross-examination by Rucker's counsel. Thus, any objection to the admission of the victim's statements to the medical social worker would have failed because the victim was present and testified at trial.

Finally, Rucker has not shown that his counsel was ineffective under *Strickland* for failing to object to alleged instances of misconduct by the prosecutor during the prosecutor's examination of detective Braate. As the Michigan Court of

Appeals explained, much of detective Braate's testimony was "proper" under the Michigan Rules of Evidence, and Rucker "failed to establish any trial error" with respect to most of that testimony. *Rucker*, 2017 WL 727204, at ** 4-5.  Thus, any objection to the prosecutor's conduct would have been futile.  Therefore, because Rucker has not shown that the admission of that testimony likely changed the result of his trial, he has failed to show any prejudice from his counsel's failure to object.

For all of these reasons, Rucker's second, third, and fourth habeas claims are procedurally defaulted and he is not entitled to federal habeas relief on those claims.[2]

## C

Even if Rucker had not procedurally defaulted his second, third, and fourth habeas claims, he still would not be entitled to relief.  As explained above, the Michigan Court of Appeals reviewed each of these claims for "plain error" and rejected them.  Such an "alternative merits ruling" is subject to "the deferential requirements of AEDPA." *Brooks v. Bagley*, 513 F.3d 618, 624-25 (6th Cir. 2008).  And Rucker has not shown that his claims can survive that standard of review.

---

[2] Rucker has also failed to demonstrate that a fundamental miscarriage of justice occurred.  The miscarriage of justice exception to a procedural default requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  To be credible, such a claim requires a petitioner to provide new, reliable evidence that was not presented at trial. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Moreover, actual innocence means factual innocence, not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998).  Rucker has made no such showing here.

**1**

The Court begins with Rucker's second habeas claim – that the state trial erred when it admitted nurse practitioner Rossman's testimony relating the victim's statements to a social medical worker. Rucker insists that the admission of that testimony violated Michigan's rule against hearsay. The Michigan Court of Appeals considered this claim on plain error review and denied relief. It concluded that the victim's statements to the medical social worker (as testified to by Rossman) were properly admitted under Michigan Rule of Evidence 803(4) (the medical treatment exception to the hearsay rule). *See Rucker*, 2017 WL 727204, at *2.

Rucker is not entitled to federal habeas relief on this claim because alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993) (explaining that "habeas relief cannot be granted simply on the basis of a perceived error of state law") (internal quotation marks omitted). Indeed, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 68. Thus, because Rucker challenges the admission of this evidence under Michigan law, he is not entitled to federal habeas

relief on this claim. Nor has Rucker shown that that the trial court's evidentiary ruling was "so egregious" that it violated his federal due process rights and rendered his trial fundamentally unfair. *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (explaining that only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness" may it violate federal due process rights and warrant federal habeas relief).

For all of these reasons, Rucker is not entitled to federal habeas relief on his claim that the state trial court wrongly admitted hearsay evidence.

## 2

The Court next turns to Rucker's related assertion that he is entitled to habeas relief because the admission of Rossman's testimony relating the victim's statements to the medical social worker violated his rights under the Confrontation Clause.

The Michigan Court of Appeals considered this claim on plain error review and denied relief:

> Defendant next argues that the improper admission of the victim's statements concerning her medical history to the medical social worker denied him his right to confrontation. We disagree.
>
> Again, because defendant did not object to the admission of the victim's statements concerning her medical history, this Court reviews his unpreserved confrontation claim for plain error. *People v. Geno*, 261 Mich. App. 624, 630; 683 N.W.2d 687 (2004).

The Confrontation Clause "bars the admission of 'testimonial' statements of a witness who did not appear at trial, unless the witness was unavailable to testify and the defendant had a prior opportunity to cross-examine the witness." *People v. Walker (On Remand)*, 273 Mich. App. 56, 60–61; 728 N.W.2d 902 (2006), citing *Crawford v. Washington*, 541 U.S. 36, 59, 68; 124 S. Ct. 1354; 158 L.Ed.2d 177 (2004). "Statements are nontestimonial when made ... under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." *Davis v. Washington*, 547 US 813, 822; 126 S Ct 2266; 165 L.Ed.2d 224 (2006). Statements "are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Id.*

In this case, defendant's rights under the Confrontation Clause were not infringed. First, the victim, who made the statements, testified at trial, and defendant had the opportunity to cross-examine her. So, defendant's claim is without merit. *Walker*, 273 Mich. App. at 60–61.

Second, the victim's statements to the medical social worker were nontestimonial because the circumstances objectively indicate the primary purpose of the interrogation was to enable medical treatment for the victim, not to prepare for a criminal prosecution. *Davis*, 547 U.S. at 822. The examination at the Children's Assessment Center occurred after the victim's counselor called the police. But the victim was brought to the center by her mother, and no police were present while the medical social worker obtained the victim's medical history. The nurse then examined the victim. These circumstances indicate that the primary purpose of the victim's statements made to the medical social worker was for an accurate medical diagnosis, not to prove past events that might be relevant to a criminal prosecution. *Id.*; see also *Meeboer (After Remand)*, 439 Mich. at 329 ("The

17

> identity of the assailant should be considered part of the physician's choice for diagnosis and treatment, allowing the physician to structure the examination and questions to the exact type of trauma the child recently experienced."). Accordingly, the trial court's admission of the victim's statements to the medical social worker was not plain error under the Confrontation Clause.

*Rucker*, 2017 WL 727204, at *3.

Rucker has not shown that this ruling was contrary to, or an unreasonable application of, clearly established federal law.  As the Michigan Court of Appeals explained, the admission of the victim's statements to the medical social worker did not violate Rucker's rights under the Confrontation Clause because the victim testified at Rucker's trial and was subject to full cross-examination by defense counsel.  Thus, "her out-of-court statements present no Confrontation Clause problem." *Tapke v. Brunsman*, 565 F. App'x 430, 435 (6th Cir. 2014) (denying habeas relief where court admitted victim's out-of-court statement to social worker but victim was available for testimony at trial). *See also Crawford v. Washington*, 541 U.S. 36, 53-54 (2004).

For all of these reasons, Rucker is not entitled to federal habeas relief on this claim.

### 3

Finally, Rucker argues that he is entitled to habeas relief because the prosecutor engaged in misconduct by eliciting testimony from detective Braate.

More specifically, Rucker asserts that the detective Braate bolstered the victim's credibility when she testified that she had investigated thousands of child sexual assault cases, but not all of them were prosecuted, that she interviewed the victim using forensic interviewing protocols, and that she confirmed that the victim ran and jumped on her mother after the assault. Rucker further claimed that detective Braate bolstered the foster child's testimony by testifying that Rucker had a prior conviction for assaulting that child.

The Michigan Court of Appeals considered this claim on plain error review and denied relief:

> Next, defendant asserts prosecutorial error because the detective testified in an improper manner. We disagree. Defendant did not object to the detective's testimony at trial. As a result, the issue is unpreserved and reviewed for plain error. *Benton*, 294 Mich. App. at 202.

> Claims of prosecutorial error are reviewed on a case by case basis to determine whether, viewed in context, a defendant was denied a fair and impartial trial. *People v. Dobek*, 274 Mich. App. 58, 63, 64; 732 N.W.3d 546 (2007). In general, "it is improper for a witness or an expert to comment or provide an opinion on the credibility of another person while testifying at trial." *People v. Musser*, 494 Mich. 337, 349; 835 N.W.2d 319 (2013). Because the jury determines witnesses' credibility, such comments are inadmissible, "because the jury is in just as good a position to evaluate the [witness's] testimony." *Id.* (quotation marks and citation omitted). Our Supreme Court "has condemned opinions related to the truthfulness of alleged child-sexual-abuse complainants" because the cases often hinge "on creditability assessments[.]" *Id.* at 357.

In *People v. Douglas*, 496 Mich. 557, 583; 852 N.W.2d 587 (2014), the Court held that comments made by experts that bolstered the credibility of a child sexual assault victim were inadmissible. But in this case, the detective did not offer her opinion or comment on the victim's credibility. Defendant asserts that the detective's testimony that she had investigated 1,500 child sexual assault cases over a nine-year period, but that not all of them were prosecuted, implied that the victim's case was substantiated because it was prosecuted. Unlike the CPS worker in *Douglas*, 496 Mich. at 594, the detective never testified that the victim's case was substantiated. Therefore, there was no prosecutorial error.

Next, defendant argues that the detective's testimony that she interviewed the victim using the forensic interviewing protocol bolstered the victim's credibility; however, the detective did not opine as to whether the victim's answers given during the interview were truthful. She was explaining the process she used to investigate the victim's case. Accordingly, defendant has failed to establish any trial error.

Third, defendant asserts that the detective's testimony bolstered the victim's credibility by confirming the victim's testimony that the victim ran and jumped on her mother after the assault. This statement was inadmissible hearsay because it was an out-of-court statement offered "to prove the truth of the matter asserted." MRE 801(c). But this error was not outcome determinative. *People v. Carines*, 460 Mich. 750, 763; 597 N.W.2d 130 (1999) (to warrant relief under plain error review "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings"). The detective testified that she confirmed the victim's statement that the victim ran and jumped on her mother and that she believed that this occurred one or two days after the assault. But the detective did not testify that she was able confirm with the mother the actual assault or any of the victim's other statements. The detective also did not testify regarding any

specific information that the victim's mother provided or
offer any opinions as to whether the victim's statement
was truthful. The victim's testimony at trial regarding the
details of the assault did not need to be corroborated to
support a first-degree CSC conviction. MCL 750.520h.
Therefore, defendant has not established that the
detective's testimony that she was able to confirm the
victim's statement that the victim ran and jumped on her
mother was outcome determinative. *Carines*, 460 Mich. at
763.

Lastly, defendant argues that the detective's testimony
bolstered the testimony of the foster child because the
detective testified that defendant was previously convicted
based on the ` child's testimony. The detective testified at
trial, however, that during her investigation, she located
the report from the foster child's case. She further testified
that it confirmed that the foster child was in foster care
with the defendant at the time of her assault and that the
detective was aware that defendant had a prior conviction
involving that assault. The detective did not comment on
the foster child's credibility, nor did she testify that
defendant was convicted based on the foster child's
testimony. Therefore, defendant cannot establish that the
detective's testimony constituted plain error affecting his
substantial rights. *Benton*, 294 Mich. App. at 202.

*Rucker*, 2017 WL 727204 at ** 3-4.

Rucker has not shown that this ruling was contrary to, or an unreasonable

application of, clearly established federal law.  To prevail on a claim of prosecutorial

misconduct, a habeas petitioner must demonstrate that the prosecutor's conduct or

remarks "so infected the trial with unfairness as to make the resulting conviction a

denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)*;

Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing *Donnelly*); *see also Parker*

21

*v. Matthews*, 567 U.S. 37, 45 (2012) (confirming that *Donnelly/Darden* is the proper standard). Here, Rucker has not shown that it was unreasonable for the Michigan Court of Appeals to conclude that the prosecutor's questions to detective Braate, and detective Braate's responses, were arguably relevant, were not a direct comment on the victim's credibility or the foster child's credibility, and were allowed by the trial court. Moreover, Rucker has not persuaded the Court that it was unreasonable for the state appellate court to conclude that the prosecutor did not improperly vouch for the victim's credibility or express a personal belief in guilt. Finally, Rucker has not shown that the prosecutor's conduct was so flagrant as to deprive him of a fundamentally fair trial. Under these circumstances, Rucker has failed to show that the Michigan Court of Appeals' ruling rejecting his prosecutorial misconduct claim was unreasonable. *See*, *e.g.*, *Cristini v. McKee*, 526 F.3d 888, 900 (6th Cir. 2008) (denying habeas relief on the basis that prosecutor committed misconduct at trial).

For all of these reasons, Rucker is not entitled to federal habeas relief on this claim.

## V

Lastly, Rucker raises a free-standing claim that he is entitled to habeas relief because his trial counsel was ineffective for failing to object to the aforementioned alleged errors at trial. Rucker raised this claim on direct review, and the Michigan Court of Appeals rejected it:

We also find no merit to defendant's claim of ineffective assistance of counsel. Generally, "[w]hether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v. LeBlanc*, 465 Mich. 575, 579; 640 N.W.2d 246 (2002). Factual findings of the trial court are reviewed for clear error, while its constitutional determinations are reviewed de novo. *People v. Matuszak*, 263 Mich. App. 42, 48; 687 N.W.2d 342 (2004). Although defendant filed a motion to remand, because the motion was denied, this Court's review of his ineffective assistance of counsel claim is limited to errors apparent on the record. See *People v. Payne*, 285 Mich. App. 181, 188; 774 N.W.2d 714 (2009).

A defendant claiming that he has been denied the effective assistance of counsel must show that "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *People v. Sabin (On Second Remand)*, 242 Mich. App. 656, 659; 620 N.W.2d 19 (2000). The defendant must overcome a strong presumption that his counsel employed sound trial strategy, and that, but for counsel's error, the outcome of the trial would have been different. *Id.*

Defendant suggests that trial counsel was ineffective for failing to object to the testimony of the nurse when she described the victim's medical history that was given to the medical social worker. As discussed above, the trial court did not plainly err by admitting the nurse's testimony. In addition, trial counsel was not ineffective for failing to challenge this testimony because failing "to raise a futile objection does not constitute ineffective assistance of counsel." *People v. Ericksen*, 288 Mich. App. 192, 201; 793 N.W.3d 120 (2010).

Furthermore, defendant has failed to establish that the outcome of this case would have been different if trial

23

counsel had objected to the nurse's testimony. First, the victim testified concerning the details of the assault. In addition, the foster child also described the details of her assault that occurred in 2005, and the jury heard testimony that defendant was convicted of that assault. Considering this evidence, defendant cannot show that a reasonable probability exists that but for counsel's errors, the outcome of the proceedings would have been different. *Sabin*, 242 Mich. App. at 659. Thus, defendant's claim of ineffective assistance of counsel fails.

Defendant also suggests that counsel was ineffective for failing to object to the testimony of the detective. First, as discussed above, the detective's testimony regarding the number of child sexual assault cases she had investigated, the forensic interviewing protocol technique she used to interview the victim, and the report from the foster child's case was proper. As a result, defendant cannot show that trial counsel was ineffective when an objection would have been futile. See *Ericksen*, 288 Mich. App. at 201. Second, even if by failing to object to the detective's testimony regarding confirming that the victim ran and jumped on her mother after the assault, trial counsel's performance fell below an objective standard of reasonableness, defendant cannot show that there was a reasonable probability that the outcome of his trial would have been different if trial counsel had objected to this testimony. *Sabin*, 242 Mich. App. at 659. As discussed above, this testimony did not confirm any of the victim's testimony concerning the actual assault. In addition, the jury heard testimony from both the victim and the foster child concerning sexual assault perpetrated by defendant. Accordingly, defendant cannot show the outcome of his trial would have been different but for counsel's alleged error. Defendant has not establish he is entitled to relief on the basis of ineffective assistance of counsel.

*Rucker*, 2017 WL 727204 at ** 3-4.

Free-standing federal claims of ineffective assistance of counsel that have been adjudicated on the merits by a state court are subject to both the deferential *Strickland* standard described above in Section (IV)(B) and to the deferential standard of AEDPA. *See*, *e.g.*, *Tackett v. Trierweiler*, 956 F.3d 358, 373 (6th Cir. 2020) (describing *Strickland* standard in context of habeas petition).  Indeed, the "standard" for ineffective assistance claims "is even more difficult to meet in habeas cases, where the review that applies to *Strickland* claims is 'doubly deferential.'" *Id.* (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).  "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id.* (internal punctuation and citation omitted). *See also Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland'*s deferential standard.").

Rucker has not shown that the Michigan Court of Appeals' rejection of his ineffective assistance of counsel claim was contrary to, or an unreasonable application of, *Strickland*.  Indeed, for all of the reasons explained in Section (IV)(B) above that Rucker has failed to show that his counsel was ineffective under a *de novo* standard of review, he cannot satisfy the "doubly" deferential AEDPA review of his

ineffective assistance claim.  Simply put, Rucker has not shown that the Michigan Court of Appeals unreasonably concluded that his counsel failed to raise a meritorious objection at trial.  He is therefore not entitled to federal habeas relief on his ineffective assistance of counsel claim. *See Johnson v. Sherry*, 465 F. App'x 477, 481 (6th Cir. 2012) (denying habeas relief and rejecting claim that counsel rendered ineffective assistance where counsel failed to object to closure of courtroom because "the judge would likely have overruled the objection, and the court of appeals would have likely affirmed").

## VI

For the reasons stated above, the Court concludes that Rucker is not entitled to federal habeas relief.  His petition for a writ of habeas corpus is therefore **DENIED**.

Before Rucker may appeal the Court's decision, the Court must issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a court denies relief on procedural grounds, a certificate of

appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See id*.  Having considered the matter, the Court concludes that Rucker has failed to make a substantial showing of the denial of a constitutional right.  He has also failed to show that jurists of reason would find the Court's procedural ruling debatable.  The Court therefore declines to issue Rucker a certificate of appealability.

The standard for granting an application for leave to proceed *in forma pauperis* on appeal is a lower standard than the standard for a certificate of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002) (citing *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997)).  While a certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right, a court may grant *in forma pauperis* status on appeal if it finds that an appeal is being taken in good faith. *See id*. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a).  Here, the Court concludes that an appeal could be taken in good faith. Rucker may therefore proceed *in forma pauperis* on appeal.

Accordingly, **IT IS HEREBY ORDERED** that Rucker's petition for a writ of habeas corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, but the Court **GRANTS** Rucker leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  December 2, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 2, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

28